B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kazda, Joseph** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Kazda, Dawn M** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4360** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-2368** |
| Street Address of Debtor (No. and Street, City, and State):<br>**836 Grant Drive**<br>**Minooka, IL**<br>ZIP Code **60447** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**836 Grant Drive**<br>**Minooka, IL**<br>ZIP Code **60447** |
| County of Residence or of the Principal Place of Business:<br>**Will** | County of Residence or of the Principal Place of Business:<br>**Will** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)  (Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)
☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(12/11)                                                                                           Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Kazda, Joseph** <br> **Kazda, Dawn M** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location <br> Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Joseph Wrobel** _____  **April 29, 2012** _____ <br> Signature of Attorney for Debtor(s)          (Date) <br> **Joseph Wrobel 3078256** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box) |
|---|
| ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
|      _____ <br>      (Name of landlord that obtained judgment) |
|      _____ <br>      (Address of landlord) |
| ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(12/11)  **Page 3**

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Kazda, Joseph**<br>**Kazda, Dawn M** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Joseph Kazda**
Signature of Debtor  **Joseph Kazda**

X **/s/ Dawn M Kazda**
Signature of Joint Debtor **Dawn M Kazda**

Telephone Number (If not represented by attorney)

**April 29, 2012**
Date

### Signature of Attorney*

X **/s/ Joseph Wrobel**
Signature of Attorney for Debtor(s)

**Joseph Wrobel 3078256**
Printed Name of Attorney for Debtor(s)

**Joseph Wrobel, Ltd.**
Firm Name

**105 West Madison Street**
**Suite 700**
**Chicago, IL 60602**

Address

**josephwrobel@chicagobankruptcy.com**
**312.781.0996  Fax: 312.606.0413**
Telephone Number

**April 29, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Joseph Kazda**
       **Dawn M Kazda**

Debtor(s)    Case No. _____

Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                          Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Joseph Kazda**
                      **Joseph Kazda**

Date:  **April 29, 2012**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Kazda**
      **Dawn M Kazda**

Debtor(s)

Case No. _____

Chapter   **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

     ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

     ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

     ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Dawn M Kazda**
                              **Dawn M Kazda**

Date: **April 29, 2012**

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Joseph Kazda,**
**Dawn M Kazda**

_____,
Debtors

Case No. _____

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 130,000.00 | | |
| B - Personal Property | Yes | 3 | 15,001.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 240,650.31 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 10 | | 49,644.28 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,943.33 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,874.00 |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| Total Assets | | | 145,001.00 | | |
| Total Liabilities | | | | 290,294.59 | |

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Joseph Kazda,**
        **Dawn M Kazda**

Case No. _____

Debtors ,

Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,943.33 |
| Average Expenses (from Schedule J, Line 18) | 3,874.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,045.88 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 110,650.31 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 49,644.28 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 160,294.59 |

B6A (Official Form 6A) (12/07)

.

In re    **Joseph Kazda,**
**Dawn M Kazda**                                                    Case No. _____

_____,
Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** | **Fee simple** | **J** | **130,000.00** | **240,650.31** |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Sub-Total > | **130,000.00** | (Total of this page) |  |
|  | Total > | **130,000.00** |  |  |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re   **Joseph Kazda,**   Case No. _____
**Dawn M Kazda**

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on Hand** | J | 50.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Edward Jones Mutual Funds IRA Acct 164-035xx-x-x** | H | 6,068.00 |
| | | **Standard Bank & Trust Checking Acct 1006** | J | 1,270.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous used household furniture and furnishings** | J | 1,500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Used wearing apparel fully depreciated** | J | 600.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >   **9,488.00**
(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re     **Joseph Kazda,**
**Dawn M Kazda**                                                        Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Supervalu Star 401(k) Acct No. 41061xxxx** | W | 1,703.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          **1,703.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Joseph Kazda,**
       **Dawn M Kazda,**                                    Case No. _____

_____,
                           Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Chevy Venture Extended Van 4 D** **Miles: 110,000** **Location: 836 Grant Drive, Minooka IL 60447** | H | 2,475.00 |
| | | **2002 Chevy Blazer 2D 2WD Xtreme** **Miles: 215,000** **Location: 836 Grant Drive, Minooka IL 60447** | H | 1,335.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >        3,810.00
(Total of this page)
Total >       15,001.00

Sheet  __2__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re    **Joseph Kazda,**
         **Dawn M Kazda**

Case No. _____

Debtors,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single Family Residence** | **735 ILCS 5/12-901** | **30,000.00** | **130,000.00** |
| **Location: 836 Grant Drive, Minooka IL 60447** | | | |
| | | | |
| **Cash on Hand** | | | |
| **Cash on Hand** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Edward Jones Mutual Funds** | **735 ILCS 5/12-704** | **5,467.00** | **6,068.00** |
| **IRA** | | | |
| **Acct 164-035xx-x-x** | | | |
| | | | |
| **Standard Bank & Trust** | **735 ILCS 5/12-1001(b)** | **1,270.00** | **1,270.00** |
| **Checking Acct 1006** | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous used household furniture and furnishings** | **735 ILCS 5/12-1001(b)** | **1,500.00** | **1,500.00** |
| | | | |
| **Wearing Apparel** | | | |
| **Used wearing apparel fully depreciated** | **735 ILCS 5/12-1001(a)** | **600.00** | **600.00** |
| | | | |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Supervalu Star 401(k)** | **735 ILCS 5/12-704** | **1,703.00** | **1,703.00** |
| **Acct No. 41061xxxx** | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2002 Chevy Venture Extended Van 4 D** | **735 ILCS 5/12-1001(c)** | **2,400.00** | **2,475.00** |
| **Miles: 110,000** | | | |
| **Location: 836 Grant Drive, Minooka IL 60447** | | | |

Total: **42,990.00**   **143,666.00**

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **Joseph Kazda,**
**Dawn M Kazda**

_____
Debtors

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxxx6067**<br><br>**Creditor #: 1**<br>**Green Tree**<br>**PO Box 6172**<br>**Rapid City, SD 57709** | | | | J | **Second Mortgage**<br><br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** | | | | | |
| | | | | | Value $              **130,000.00** | | | | **37,000.00** | **37,000.00** |
| Account No. **401**<br><br>**Creditor #: 2**<br>**Lakewood Trails**<br>**c/o AMG Management Group**<br>**1400 Essington Rd**<br>**Joliet, IL 60435** | | | | J | **Statutory**<br><br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** | | | | | |
| | | | | | Value $              **130,000.00** | | | | **594.92** | **594.92** |
| Account No. **xxxxxxXXXX**<br><br>**Creditor #: 3**<br>**Ocwen Loan Servicing**<br>**PO Box 24738**<br>**West Palm Beach, FL 33416** | | | | J | **First Mortgage**<br><br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** | | | | | |
| | | | | | Value $              **130,000.00** | | | | **201,400.00** | **71,400.00** |
| Account No. **xx-xx-xx5-004**<br><br>**Creditor #: 4**<br>**Village of Minooka**<br>**Attn: Lakewood Trails Unit 2**<br>**PO Box 516**<br>**Bedford Park, IL 60499** | | | | J | **Statutory Lien**<br><br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** | | | | | |
| | | | | | Value $              **130,000.00** | | | | **1,655.39** | **1,655.39** |

__1__   continuation sheets attached

Subtotal
(Total of this page)

| 240,650.31 | 110,650.31 |
|---|---|

B6D (Official Form 6D) (12/07) - Cont.

In re    **Joseph Kazda,**
      **Dawn M Kazda**

Case No. _____

_____,

Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **03-14-205-004** | | | | | | | | | |
| **David Taussig & Ass 5000 Birch St Ste 6000 Newport Beach, CA 92660** | | | | **Representing: Village of Minooka** | | | | **Notice Only** | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | | | | | | |
| | | | | Value $ | | | | | |

Sheet  1  of  1  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | 0.00 |
| Total (Report on Summary of Schedules) | 240,650.31 | 110,650.31 |

B6E (Official Form 6E) (4/10)

.

In re  **Joseph Kazda,**
    **Dawn M Kazda**

               Debtors

Case No. _____

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**     continuation sheets attached

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re    **Joseph Kazda,**                                                    Case No. _____
         **Dawn M Kazda**
                                                                        ,
                                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xx1800** | | | | | **Medical Services** | | | | |
| **Creditor #: 1** **Advance Urology Associates** **1541 Riverboat Center Drive** **Joliet, IL 60431** | | | J | | | | | | **50.00** |
| Account No. **xxxxx8645** | | | | | **Medical Services** | | | | |
| **Creditor #: 2** **Allied Anes Assoc** **c/o Medical Business Bureau** **PO Box 1219** **Park Ridge, IL 60068** | | | W | | | | | | **257.00** |
| Account No. **x4113** | | | | | **Medical Services** | | | | |
| **Creditor #: 3** **Associated Anesthesiologists of Jol** **PO Box 936** **Bedford Park, IL 60499** | | | J | | | | | | **275.00** |
| Account No. **x4260** | | | | | **Medical Services** | | | | |
| **Creditor #: 4** **Associated Radiologists of Joliet** **39069 Treasury Center** **Chicago, IL 60694** | | H | | | | | | | **34.20** |

**_9_** continuation sheets attached

Subtotal
(Total of this page)                                                                    **616.20**

B6F (Official Form 6F) (12/07) - Cont.

In re **Joseph Kazda,**             Case No. _____
       **Dawn M Kazda**

_____ ,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxx0012 | | W | Cellular phone services | | | | |
| Creditor #: 5 AT&T PO Box 5080 Carol Stream, IL 60197 | | | | | | | 77.00 |
| Account No. xxx7111 | | H | Cellular phone services | | | | |
| Creditor #: 6 AT&T Wireless c/o Virtuoso Sourcing Grouop 3033 S Parker Ste 1000 Aurora, CO 80014 | | | | | | | 455.00 |
| Account No. 9553192 | | | Representing: AT&T Wireless | | | | |
| AT&T c/o Bay Area Credit Service 1901 W 10th St Antioch, CA 94509 | | | | | | | Notice Only |
| Account No. xxxx8177 | | H | Medical Services | | | | |
| Creditor #: 7 Bassam Kawadry MC c/o EM Strategies PO Box 366 Hinsdale, IL 60522 | | | | | | | 46.00 |
| Account No. xxxx1EMR | | W | Medical Services | | | | |
| Creditor #: 8 ENT Surgical Consultants 2201 Glenwood Ave Joliet, IL 60435 | | | | | | | 20.00 |

Sheet no. __1__ of __9__ sheets attached to Schedule of           Subtotal          | 598.00
Creditors Holding Unsecured Nonpriority Claims          (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Kazda,**
      **Dawn M Kazda**    Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxx6EMR**<br><br>**Creditor #: 9**<br>**ENT Surgical Consultants**<br>**2201 Glenwood Ave**<br>**Joliet, IL 60435** | | J | **Medical Services** | | | | **83.60** |
| Account No. **xxxxxxxx**<br><br>**Creditor #: 10**<br>**GEMB**<br>**PO Box 6153**<br>**Rapid City, SD 57709** | | J | **Installment Loan** | | | | **37,299.00** |
| Account No. **x278B**<br><br>**Creditor #: 11**<br>**Grundy County Pain Center**<br>**c/o Falls Collection Service**<br>**PO Box 668**<br>**Germantown, WI 53022** | | H | **Medical Services** | | | | **270.00** |
| Account No. **4278B**<br><br>**Grundy County Pain Center**<br>**c/o Financial Control Solutions**<br>**PO Box 668**<br>**Germantown, WI 53022** | | | **Representing:**<br>**Grundy County Pain Center** | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxxxxxxxxxx6626**<br><br>**Creditor #: 12**<br>**Grundy Radiologists**<br>**c/o Creditors Discount & Aud**<br>**415 E Main St**<br>**Streator, IL 61364** | | W | **Medical Services** | | | | **414.00** |

Sheet no. __2__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**38,066.60**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Kazda,**
**Dawn M Kazda**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xx0682** | | | | **Medical Services** | | | | |
| **Creditor #: 13** **Heart Care Centers of Il** **PO Box 766** **Bedford Park, IL 60499** | | H | | | | | | 30.00 |
| Account No. **xx3385** | | | | **Dental Services** | | | | |
| **Creditor #: 14** **James F Gianakakis, DDS** **23909 W Renwick Rd** **Ste 103** **Plainfield, IL 60544** | | W | | | | | | 563.00 |
| Account No. **xx-xxxx5472** | | | | **Medical Services** | | | | |
| **Creditor #: 15** **Joliet Radiological Service Corp** **36910 Treasury Ctr** **Chicago, IL 60694** | | W | | | | | | 96.00 |
| Account No. **xxxx7037** | | | | **Medical Services** | | | | |
| **Creditor #: 16** **Joliet Radiological Service Corp** **c/o Illinois Collection Service** **PO Box 1010** **Tinley Park, IL 60477** | | H | | | | | | 39.00 |
| Account No. **xxx1603;xxx1602** | | | | **Medical Services** | | | | |
| **Creditor #: 17** **Medac Associated Anesthesiologists** **c/o NEAR** **PO Box 209** **Thornwood, NY 10594** | | J | | | | | | 321.00 |

Sheet no. __3__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,049.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Joseph Kazda,**
   **Dawn M Kazda**                                                     Case No. _____

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxx7590** | | | | Medical Services | | | | |
| Creditor #: 18 Medstar Laboratory 4531 W Harrison St Hillside, IL 60162 | | W | | | | | | 26.00 |
| Account No. **xxxxxxxx6035** | | | | Medical Services | | | | |
| Creditor #: 19 Morris Hosp Emerg Phys c/o Creditors Discount & Aud 415 E Main St Streator, IL 61364 | | W | | | | | | 296.00 |
| Account No. **xxx1714** | | | | Medical Services | | | | |
| Creditor #: 20 Morris Hospital c/o MiraMed Revenue Group Dept 77304, PO Box 77000 Detroit, MI 48277 | | W | | | | | | 280.00 |
| Account No. **xxx9545** | | | | Medical Services | | | | |
| Creditor #: 21 Morris Hospital c/o MiraMed Revenue Group Dept 77304 Detroit, MI 48277 | | H | | | | | | 242.00 |
| Account No. **xxx7459** | | | | Medical Services | | | | |
| Creditor #: 22 Morris Hospital c/o MiraMed Revenue Group PO Bx 77000 Detroit, MI 48277 | | W | | | | | | 180.00 |

Sheet no. __4__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        **1,024.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Joseph Kazda,**
     **Dawn M Kazda**
Case No. _____

                                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxxxxx828G;xx216G** | | | | **Medical Services** | | | | |
| Creditor #: 23<br>**Pathology and Laboratory Consultant**<br>**520 E 22nd St**<br>**Lombard, IL 60148** | | H | | | | | | 100.00 |
| Account No. **xxx3467** | | | | **Medical Services** | | | | |
| Creditor #: 24<br>**Pathology and Laboratory Consultant**<br>**c/o Medical Recovery Specialists**<br>**2250 E Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | | 26.00 |
| Account No. **xxxx5555** | | | | **Medical Services** | | | | |
| Creditor #: 25<br>**Pediatric Faculty Foundation**<br>**c/o ICS**<br>**PO Box 1010**<br>**Tinley Park, IL 60477** | | W | | | | | | 352.00 |
| Account No. **xxxxxxx6626** | | | | **Medical Services** | | | | |
| Creditor #: 26<br>**Phys of Morris Hosp**<br>**c/o Creditors Discount & Aud**<br>**415 E Main St**<br>**Streator, IL 61364** | | W | | | | | | 527.00 |
| Account No. **xxx6269** | | | | **Medical Services** | | | | |
| Creditor #: 27<br>**Prairie Emergency Services**<br>**c/o ARS Account Resolution**<br>**1801 NW 66th Ave, Ste 200C**<br>**Fort Lauderdale, FL 33313** | | W | | | | | | 153.00 |

Sheet no. __5__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,158.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Kazda,**
**Dawn M Kazda**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx** | | | **Medical Services** | | | | |
| **Creditor #: 28**<br>**Provena St Joseph Medical Cen**<br>**c/o Creditors Collection Burea**<br>**PO Box 63**<br>**Kankakee, IL 60901** | | W | | | | | 100.00 |
| Account No. **xxxxxxxx9677** | | | **Medical Services** | | | | |
| **Creditor #: 29**<br>**Provena St Joseph Medical Center**<br>**PO Box 88097**<br>**Chicago, IL 60680** | | H | | | | | 274.00 |
| Account No. **xxxxxxx3577** | | | **Medical Services** | | | | |
| **Creditor #: 30**<br>**Provena St Joseph Medical Center**<br>**PO Box 88097**<br>**Chicago, IL 60680** | | W | | | | | 100.00 |
| Account No. **xxx7844** | | | **Medical Services** | | | | |
| **Creditor #: 31**<br>**Provena St Joseph Medical Center**<br>**PO Box 77394**<br>**Detroit, MI 48277** | | W | | | | | 50.00 |
| Account No. **xxxxx9913** | | | **Medical Services** | | | | |
| **Creditor #: 32**<br>**Quest Diagnostics**<br>**PO Box 809403**<br>**Chicago, IL 60680** | | W | | | | | 16.24 |

Sheet no. __6__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

540.24

B6F (Official Form 6F) (12/07) - Cont.

In re **Joseph Kazda,**  
      **Dawn M Kazda**

Case No. _____

_____,

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C / Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx9913** | | | **Medical Services** | | | | |
| **Creditor #: 33**<br>**Quest Diagnostics, Inc.**<br>**c/o AMCA Collection Agency**<br>**PO Box 1235**<br>**Elmsford, NY 10523** | | J | | | | | **16.24** |
| Account No. **xxxxxxxx** | | | **Medical Services** | | | | |
| **Creditor #: 34**<br>**Silver Cross Hospital**<br>**c/o NCO Financial Systems**<br>**605 W Edison Rd, Ste K**<br>**Mishawaka, IN 46545** | | H | | | | | **462.00** |
| Account No. **F023915994** | | | **Representing:**<br>**Silver Cross Hospital** | | | | |
| **Silver Cross Hospital**<br>**1200 Maple Rd.**<br>**Joliet, IL 60432** | | | | | | | **Notice Only** |
| Account No. **xxxxxx6546** | | | **Medical Services** | | | | |
| **Creditor #: 35**<br>**Silver Cross Hospital**<br>**1200 Maple Rd.**<br>**Joliet, IL 60432** | | H | | | | | **153.00** |
| Account No. **xxxxxx9299** | | | **Medical Services** | | | | |
| **Creditor #: 36**<br>**Silver Cross Hospital**<br>**1200 Maple Rd.**<br>**Joliet, IL 60432** | | H | | | | | **1,940.00** |

Sheet no. __**7**__ of __**9**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,571.24**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Joseph Kazda,**
     **Dawn M Kazda**

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx9322** | | | Medical Services | | | | |
| **Creditor #: 37**<br>**Silver Cross Hospital**<br>**1200 Maple Rd.**<br>**Joliet, IL 60432** | | H | | | | | 14.00 |
| Account No. **xxxxxx6521** | | | Medical Services | | | | |
| **Creditor #: 38**<br>**Silver Cross Hospital**<br>**1200 Maple Rd.**<br>**Joliet, IL 60432** | | H | | | | | 491.00 |
| Account No. **xxxxxx8663** | | | Medical Services | | | | |
| **Creditor #: 39**<br>**Silver Cross Hospital**<br>**c/o Medical Recovery Specialists**<br>**2250 E Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | 935.00 |
| Account No. **xxxxxx4004** | | | Medical Services | | | | |
| **Creditor #: 40**<br>**Silver Cross Hospital**<br>**c/o Medical Recovery Specialists**<br>**2250 E Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | 1,079.00 |
| Account No. **xxxxxx8422** | | | Medical Services | | | | |
| **Creditor #: 41**<br>**Silver Cross Hospital**<br>**c/o Medical Recovery Specialists**<br>**2250 E Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | 750.00 |

Sheet no. __8__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,269.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Joseph Kazda,**
      **Dawn M Kazda**
                                            ,
                                            Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0841** | | | **Medical Services** | | | | |
| **Creditor #: 42**<br>**Silver Cross Hospital**<br>**c/o Medical Recovery Specialists**<br>**2250 E. Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | **228.00** |
| Account No. **xxxxxx6609** | | | **Medical Services** | | | | |
| **Creditor #: 43**<br>**Silver Cross Hospital**<br>**c/o Medical Recovery Specialists**<br>**2250 E Devon Ave, Ste 352**<br>**Des Plaines, IL 60018** | | H | | | | | **82.00** |
| Account No. **xx7789** | | | **Medical Services** | | | | |
| **Creditor #: 44**<br>**Souma Diagnostics**<br>**PO Box 11690**<br>**Chicago, IL 60611** | | H | | | | | **60.00** |
| Account No. **xxx4113** | | | **Medical Services** | | | | |
| **Creditor #: 45**<br>**Surgery Center of Joliet**<br>**301 N. Madison**<br>**Joliet, IL 60435** | | J | | | | | **352.00** |
| Account No. **x3050** | | | **Medical Services** | | | | |
| **Creditor #: 46**<br>**Windy City Anesthesia**<br>**21120 Washington Parkway**<br>**Frankfort, IL 60423** | | W | | | | | **30.00** |

Sheet no. __9__ of __9__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     **752.00**

Total
(Report on Summary of Schedules)     **49,644.28**

B6G (Official Form 6G) (12/07)

.

In re      **Joseph Kazda,**                                                      Case No. _____
           **Dawn M Kazda**
_____,
                              Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature
of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and
complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                  Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re   **Joseph Kazda,**                                                                      Case No. _____
       **Dawn M Kazda**
_____,
                            Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re    **Joseph Kazda**
       **Dawn M Kazda**                      Case No. _____

                       Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Son**<br>**Son**<br>**Daughter** | AGE(S):<br>**1**<br>**15**<br>**5**<br>**8** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Mechanic** | **Clerk** |
| Name of Employer | **Starcon** | **Circle K Midwest** |
| How long employed | **11 yrs** | **6 months** |
| Address of Employer | **260 Market Place**<br>**Manhattan, IL 60442** | |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ **5,200.00** | $ **485.33** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **5,200.00** | $ **485.33** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a.  Payroll taxes and social security | $ **1,685.67** | $ **56.33** |
|     b.  Insurance | $ **0.00** | $ **0.00** |
|     c.  Union dues | $ **0.00** | $ **0.00** |
|     d.  Other (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,685.67** | $ **56.33** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **3,514.33** | $ **429.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance<br>(Specify): | $ **0.00**<br>$ **0.00** | $ **0.00**<br>$ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income<br>(Specify): | $ **0.00**<br>$ **0.00** | $ **0.00**<br>$ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **0.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **3,514.33** | $ **429.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,943.33** | |

                              (Report also on Summary of Schedules and, if applicable, on
                              Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Joseph Kazda**
**Dawn M Kazda**
_____
Debtor(s)

Case No. _____

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,829.00 |
| a. Are real estate taxes included? Yes **X** No ___ | | | |
| b. Is property insurance included? Yes **X** No ___ | | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 280.00 |
| b. Water and sewer | | $ | 30.00 |
| c. Telephone | | $ | 60.00 |
| d. Other  **See Detailed Expense Attachment** | | $ | 209.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 0.00 |
| 4. Food | | $ | 550.00 |
| 5. Clothing | | $ | 20.00 |
| 6. Laundry and dry cleaning | | $ | 20.00 |
| 7. Medical and dental expenses | | $ | 200.00 |
| 8. Transportation (not including car payments) | | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 120.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other  **Second Mortgage** | | $ | 276.00 |
| c. Other  **Condo Association Dues** | | $ | 30.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |
| Other | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)     $     3,874.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | | |
|---|---|---|---|
| a. | Average monthly income from Line 15 of Schedule I | $ | 3,943.33 |
| b. | Average monthly expenses from Line 18 above | $ | 3,874.00 |
| c. | Monthly net income (a. minus b.) | $ | 69.33 |

**B6J (Official Form 6J) (12/07)**

In re   **Joseph Kazda**
          **Dawn M Kazda**                                              Case No. _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cellular Telephone** | $ | **120.00** |
| **Cable** | $ | **65.00** |
| **Internet** | $ | **24.00** |
| **Total Other Utility Expenditures** | $ | **209.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Joseph Kazda**
**Dawn M Kazda**
_____
Debtor(s)

Case No. _____

Chapter  **7**  _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **25** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **April 29, 2012**          Signature  **/s/ Joseph Kazda**
                                              **Joseph Kazda**
                                              Debtor

Date  **April 29, 2012**          Signature  **/s/ Dawn M Kazda**
                                              **Dawn M Kazda**
                                              Joint Debtor

_Penalty for making a false statement or concealing property:_  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Joseph Kazda**
     **Dawn M Kazda**              Case No. _____

                                   Debtor(s)           Chapter     **7** _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$343.00** | **2012 YTD: Wife Employment Income** |
| **$6,094.00** | **2011: Wife Employment Income** |
| **$8,552.00** | **2010: Wife Employment Income** |
| **$3,583.00** | **2012 YTD: Husband Employment Income** |
| **$68,082.00** | **2011: Husband Employment Income** |
| **$72,477.00** | **2010: Husband Employment Income** |

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Lakewood Trails Homeowners Association v. Joseph Kazda  et al Case No. 10LM288** | **Collection** | **Circuit Court 111 E Washington St Morris, IL 60450** | **judgment** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

**9. Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Joseph Wrobel Ltd.**<br>**105 W. Madison St.**<br>**Suite 700**<br>**Chicago, IL 60602** | **11/09/2011** | **$1,500.00** |

**10. Other transfers**

None ☐    a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **J. Perez**<br>**unknown**<br>  **none** | **April 2010** | **1987 Suzuki Savage Motorcycle**<br>**Received $1,000** |

None ■    b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

---

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

---

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **April 29, 2012**         Signature   **/s/ Joseph Kazda**
                                              **Joseph Kazda**
                                              Debtor

Date  **April 29, 2012**         Signature   **/s/ Dawn M Kazda**
                                              **Dawn M Kazda**
                                              Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Joseph Kazda**
**Dawn M Kazda**

Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Green Tree** | **Describe Property Securing Debt:**<br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** |

Property will be (check one):
☐ Surrendered                   ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain  __retain property; continue payments__   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt            ☐ Not claimed as exempt

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B8 (Form 8) (12/08)                                                                                          Page 2

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Ocwen Loan Servicing** | **Describe Property Securing Debt:**<br>**Single Family Residence**<br>**Location: 836 Grant Drive, Minooka IL 60447** |

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other.  Explain   **retain property; continue payments**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐  YES          ☐  NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   __April 29, 2012__                    Signature   **/s/ Joseph Kazda**
                                                                   **Joseph Kazda**
                                                                   Debtor

Date   __April 29, 2012__                    Signature   **/s/ Dawn M Kazda**
                                                                   **Dawn M Kazda**
                                                                   Joint Debtor

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Joseph Kazda**
**Dawn M Kazda**
_____
Debtor(s)

Case No. _____
Chapter   **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **1,500.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **0.00** |

2.   The source of the compensation paid to me was:

    ■ Debtor     ☐ Other (specify):

3.   The source of compensation to be paid to me is:

    ■ Debtor     ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
       **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
       **Representation of the debtors in any dischargeablity actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **April 29, 2012** _____

**/s/ Joseph Wrobel**
**Joseph Wrobel 3078256**
**Joseph Wrobel, Ltd.**
**105 West Madison Street**
**Suite 700**
**Chicago, IL 60602**
**312.781.0996  Fax: 312.606.0413**
**josephwrobel@chicagobankruptcy.com**



## Joseph Wrobel, Ltd.
### Attorneys at Law

105 West Madison Suite700
Chicago, Illinois 60602
312.781.0996
312.606.0413 facsimile
j.wrobel.ltd@chicagobankruptcy.com
jeffreymorris@chicagobankruptcy.com
www.chicagobankruptcy.com

CHICAGO ● SKOKIE ● SCHAUMBURG ● NAPERVILLE ● JOLIET ● GURNEE

We are a debt relief agency. We proudly help people file for bankruptcy under the bankruptcy code.  We have been serving Chicagoland for more than 35 years.

## RETAINER AGREEMENT- CHAPTER 7

| | |
|---|---|
| Today's Date: | April 16, 2012 |
| Client's Name: | Joseph Kazda |
| Spouse's Name: | Dawn Kazda |

**AGREEMENT TO RETAIN:** We agree to hire **Joseph Wrobel, Ltd.** (hereinafter "Law Firm") to represent us for a Chapter 7 Bankruptcy proceeding.  This Retainer Agreement covers Law Firm's services in this proceeding through and including a Discharge in my Chapter 7 Bankruptcy.  Although Law Firm will use best efforts to obtain a favorable result, we understand that no guarantees are being made as to any specific outcome in our Chapter 7 Bankruptcy.  We do understand that honest Debtors who have made a complete disclosure of their financials will rarely ever have a discharge denied by the Court.

**CHAPTER 7 BANKRUPTCY LEGAL FEES AND SCOPE OF REPRESENTATION:**   We agree to pay a Legal Fee of  ("Legal Fee") for my Chapter 7 Bankruptcy case plus the initial court filing fee of $299.  In the event that the initial court filing fee increases between the date of this Agreement and the date on which our case is filed, then we will pay the difference between $299.00 and the increased filing fee amount.

This Agreement, as well as the Legal Fee stated, presumes that our financial situation does not change at all during the period of time between today and when our bankruptcy case is filed.  We understand that if anything about our financial situation changes (including property ownership interests, income or expenses), the Legal Fee may change or we may no longer qualify for Chapter 7 Bankruptcy.

**DESCRIPTION OF CHAPTER 7 BANKRUPTCY SERVICES TO BE PROVIDED:**  Legal Fee includes the following services:

1.    Reviewing our credit report obtained by us or through Law Firm, if applicable;
2.    Calculation and review of our "current monthly income" as defined under the Bankruptcy Code in order to determine whether our income is above or below the Median Income;
3.    In the event that current monthly income is above the Median Income for a household of our size in the State of Illinois and the county in which we reside, complete Means Testing analysis;
4.    Drafting of our Chapter 7 Petition, Schedules, Statement of Financial Affairs, Statement of Intention and Chapter 7 Statement of Current Monthly Income;
5.    Providing to our bankruptcy trustee copies of: (a) pay advices for the past 60 days; (b) tax return or transcript for the most recent calendar year; (c) valuation of any automobiles or real estate owned in our names if required by the trustee; (d) any other documents required by the trustee in connection with our case.
6.    Preparation and delivery of correspondence to significant creditors, and/or collection agencies hired by our creditors, to advise them of Law Firm's representation of pending Chapter 7, if needed;

1

INITIALS

7.    Representation at the initial meeting of creditors (known as the section 341 meeting or meeting with the Chapter 7 Trustee);

8.    Providing us with one (1) copy of Chapter 7 Petition, Schedules, Statement of Financial Affairs, etc., Notice of Commencement of Chapter 7 Case, and Discharge of Debtor at the conclusion of our case.

This Agreement does not cover representation in any reaffirmation hearing or negotiation of better terms in any reaffirmation agreement with any creditor(s) ("Reaffirmation Services"). This Agreement also does not cover any of the Additional Services noted below. In the event that Reaffirmation Services or Additional Services become necessary, additional fees will be charged. (See below)

**CHAPTER 7 BANKRUPTCY PAYMENT OF LEGAL FEES:** We understand that we will pay Legal Fee of $1,500.00.

**METHOD OF PAYMENT ACCEPTED:** Legal Fees are payable by cash, money order, cashier's check or certified check. Payment must be made to law Firm. Payment can be in installments of my choice or paid all at one time.

**NO REFUND OF FEES ONCE PAID:** We understand that Legal Fees are considered to be earned as of the date of payment, and are non-refundable. We will not receive a refund of Legal Fees paid for any reason. Though Law Firm has agreed to charge a flat rate for my case, we understand that the normal billing rate of attorneys at Law Firm is $275 per hour for office time and $350.00 per hour for court time.

**WHEN BANKRUPTCY CASE WILL BE FILED:** Our Bankruptcy petition will not be filed with the court unless and until we have paid our legal fee in full and signed my bankruptcy Petition, Schedules and Statement of Financial Affairs and we have provided Law Firm with a credit counseling certificate. Our creditors may continue to take legal action against us until our bankruptcy papers are filed with the court.

**MEDIAN INCOME AND MEANS TESTING:** According to the information we provided to Law Firm during our Initial Consultation, we understand that this Agreement, as well as Legal Fees stated, presumes that our financial situation does not significantly change during the period of time between today and when our Bankruptcy petition is filed. We know that a significant change in our financial situation (including property ownership interests, income or expenses), may cause us to no longer qualify for Chapter 7 Bankruptcy. This may result in a change in Legal Fee. We will provide to Law Firm all our pay advices, for the six months immediately prior to the date on which our bankruptcy case is filed. If our income varies significantly and the Means Testing Analysis reveals that we am not eligible for file for Chapter 7 Bankruptcy, then we will have the option of (a) filing for Chapter 13 Bankruptcy and obtaining a credit of 100% of Legal Fee toward such Chapter 13; or (b) cancelling this Agreement and receiving no refund of Legal Fee.

**ADDITIONAL FEES:** We understand that additional legal fees may be charged by Law Firm. If a matter has an hourly rate, those rates are $350.00 hourly for court time; $275.00 for office time. Those fees include, but are not limited to, the following:

1. Amendment of schedules after petition has been filed to add new creditors ($105.00)
2. Amendment of schedules after petition has been filed to change income or expenses, or to add property (Based upon hourly rate)
3. Attendance at second or adjourned meeting of creditors ($150.00)
4. Responding to an inquiry made by the U.S. Trustee's Office in connection with a determination on whether to make a motion to dismiss our bankruptcy case or deny our discharge (based upon hourly rate)
5. Defending a motion made to dismiss or convert our Bankruptcy petition (Based upon hourly rate)
6. Re-opening our file after it has been closed. (Based upon hourly rate)
7. Contested discharge of past due IRS debts ($1,000.00 retainer + hourly rate)
8. Audit by the Office of the U.S. Trustee (we have only had 2 of these in 2 years) $500.00
9. If a creditor files an adversary complaint, fees are determined upon review of the complaint. Debtor has the right to hire any counsel of his/her choosing for representation.

2



10. If we fail to provide to the Law Firm a "Certificate of Completion of Course in Personal Financial Management", from an approved credit counseling agency, we understand that our bankruptcy will be closed without a discharge. In order to obtain a discharge, Law Firm will need to prepare and file a Motion to Re-Open Bankruptcy in order to allow the filing of the Certificate, and appear in court on our behaves, so that a discharge can be entered. We further understand that we will incur attorney's fees and costs in the sum of $560.00 to so do and that such motion will not be prepared and filed until said sum is paid in full.

**AUTHORIZATION TO OBTAIN PERSONAL INFORMATION:** We hereby authorize Law Firm to obtain information about my assets, prior addresses, lien, judgments, prior bankruptcy filings, motor vehicle registrations, voter registration, and other public and non-public information that will be used to verify and ensure the completeness of the information we provide to Law Firm. The information received by Law Firm may not be comprehensive or complete. It is being obtained for background information and to aid Law Firm for verification purposes only. As such, we understand that it remains our responsibility to disclose our ownership and prior ownership of assets, property, real estate, personal items, bank accounts, stocks, bonds, pension and retirement accounts, financial accounts of any nature and other items regardless of value.

**OUR DUTY TO PROVIDE TRUTHFUL AND ACCURATE INFORMATION:  We have been informed by Law Firm that a knowingly false statement in our bankruptcy petition or any schedule or statement filed therewith is a federal crime.  We acknowledge that Law Firm will prepare our petition and supporting schedules and statements based upon information supplied by us, and we understand that Law Firm will rely upon said statements as being true, accurate, complete and correct.  We also undertake to review all documents filed as part of our bankruptcy case, and that our signature on those documents will signify that we have read and understood them, and agree with the contents thereof.**

**UNDERSTANDING THE RISKS OF BANKRUPTCY.** We understand that there are inherent risks in filing for Bankruptcy, including the fact that property may be liquidated (sold) by the Court to pay debts in some cases. We also understand that the current Bankruptcy laws are subject to different interpretations and that there are inherent risks in how the Judges and Courts will apply various provisions. Examples include how to calculate income, how and when to liquidate assets or property, what exemptions apply to protect my property, whether property may be sold to satisfy domestic support obligations, whether we qualify for a Chapter 7 or Chapter 13, whether and to what extent another states exemption law may apply to determine what property we can keep, how payments to creditors or a Chapter 13 Trustee are calculated and determined, how long a case will be pending, how our good faith will be judged in filling a case, and how and to what extent our finances will be subject to audit and examination in detail.

**OUR DUTY TO COOPERATE WITH LAW FIRM:** We agree to provide all documentation required by Law Firm to effectively represent us, and to cooperate to the best of our ability. If we do not cooperate with Law Firm, we are aware that Law Firm retains the right to immediately withdraw from representation and to do no further work on our file.

THE ABOVE IS UNDERSTOOD AND AGREED TO.                    April 16, 2012

_____
Client

_____
Client

Joseph Wrobel, Ltd.

By:    _Joseph Wrobel_____
       Joseph Wrobel

3


INITIALS

## ALL ABOUT YOUR VEHICLE AND OTHER SECURED PROPERTY

Your vehicle lender, as well as a variety of store-branded credit cards and jewelry and furniture stores, retains what is called a "security interest" in the vehicle or merchandise that is purchased using the store-branded credit card (or retail installment contract), things like appliances, home electronics, furniture, jewelry, fur coats, etc. You can think of a "security interest" as a lien that follows the items around until they are paid in full. If you file for bankruptcy and owe money on your vehicle or other merchandise purchased on a store-branded credit card or a retail installment contract, you will be presented with a number of choices. These choices are:

**SURRENDER:** You will be permitted to return the vehicle or other secured item back to the lender through your bankruptcy case. If you choose to do this you will no longer be required to make any payments on the loan, and will not be held responsible for repayment after your bankruptcy case is completed. If you choose to surrender the property we will contact the creditor on your behalf and arrange for pick-up. This is performed at no cost to you.

**REDEMPTION:** You may decide to pay off the secured loan through the bankruptcy process and keep the property. This is called "redemption", and the amount that you will be required to pay is equal to the retail replacement value of the collateral. Replacement value is defined under 11 USC Section 506 as the price a retail merchant would charge for property of that kind considering its age and condition. If you choose to redeem the property, we will charge a fee of $400 to file the necessary motion with the bankruptcy court and arrange for payment by you to the creditor directly.

**REAFFIRMATION:** You may decide to reaffirm. A reaffirmation agreement is a legally valid contract setting forth that you will pay all or a portion of the money owed, despite the bankruptcy filing. In return, the creditor promises that, as long as payments are made, the creditor will not repossess or take back the automobile or other merchandise. If you default on the agreement after your bankruptcy case is completed, you could lose the property and still be held responsible for the balance due on the loan. You have 60 days after an agreement is filed with the Court to change your mind by rescinding the agreement in writing and filing it with the court and the creditor. On most reaffirmation agreements, there is no negotiation; the reaffirmation agreement continues the same payments. If you wish us to negotiate better terms, you need to advise us; we will tell you whether it is possible. We charge an additional fee of $200.00 for each reaffirmation where better terms are negotiated. There is no guarantee that we will be able to do so.

IF YOU ARE RETAINING YOUR HOME, YOUR MORTGAGE LENDER(S) WHETHER FIRST MORTGAGE, SECOND MORTGAGE, OR HOME EQUITY LOAN, WILL REQUEST A REAFFIRMATION AGREEMENT. OUR ADVISE TO YOUR WILL BE TO **NOT** TO SIGN THE AGREEMENT. YOU ONLY NEED TO CONTINUE TO MAKE PAYMENTS. SIGNING A REAFFIRMATION AGREEMENT REMOVES THE BANKRUPTCY PROTECTION. YOUR BANKRUTPCY PROTECTS YOU FROM PERSONAL LIABILITY SHOULD YOU EVER FALL BEHIND ON MORTGAGE PAYMENTS OR DECIDE YOU NO LONGER WANT THE PROPERTY. REMEMBER THAT BANKRUPTCY CANNOT MODIFY THE TERMS OF YOUR MORTGAGE.

VEHICLE LOANS REQUIRE REAFFIRMATIONS IN ORDER RETAIN THE VEHICLE. IT IS RARE THAT BETTER TERMS CAN BE NEGOTIATED FOR A VEHICLE LOAN.

**DO NOTHING:** You may choose to continue making payments on the secured loans in the hopes that the creditors will not try to repossess the property. Even if you are current on your payments, the creditor may repossess the property. If the property is repossessed you will not be held responsible for making additional payments, but you will not receive a refund of money you have already paid.

**YOU DO NOT NEED TO MAKE A DECISION ON REDEMPTION, SURRENDER, REAFFIRMATION OR DOING NOTHING UNTIL YOUR BANKRUPTCY CASE IS FILED. THE DECISION MUST BE MADE WITHIN 30 DAYS OF THE DATE ON WHICH YOUR CASE IS FILED OR THE CREDITOR WILL AUTOMATICALLY BE PERMITTED THE ABILITY TO REPOSSESS THE PROPERTY.**

THE ABOVE IS UNDERSTOOD AND AGREED TO.                      April 16, 2012

_____
Client

_____
Client

1

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s)                                                                                          Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Joseph Kazda**
       **Dawn M Kazda**
                               Debtor(s)

Case No.

Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

      I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Joseph Kazda** | | |
|---|---|---|
| **Dawn M Kazda** | X **/s/ Joseph Kazda** | **April 29, 2012** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X **/s/ Dawn M Kazda** | **April 29, 2012** |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com             Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re **Joseph Kazda**
**Dawn M Kazda**
_____     Case No. _____
                                    Debtor(s)     Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **45**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **April 29, 2012**          **/s/ Joseph Kazda**
_____          _____
                              **Joseph Kazda**
                              Signature of Debtor

Date:  **April 29, 2012**          **/s/ Dawn M Kazda**
_____          _____
                              **Dawn M Kazda**
                              Signature of Debtor

Advance Urology Associates
1541 Riverboat Center Drive
Joliet, IL 60431

.

Allied Anes Assoc
c/o Medical Business Bureau
PO Box 1219
Park Ridge, IL 60068

Associated Anesthesiologists of Jol
PO Box 936
Bedford Park, IL 60499

Associated Radiologists of Joliet
39069 Treasury Center
Chicago, IL 60694

AT&T
PO Box 5080
Carol Stream, IL 60197

AT&T
c/o Bay Area Credit Service
1901 W 10th St
Antioch, CA 94509

AT&T Wireless
c/o Virtuoso Sourcing Grouop
3033 S Parker Ste 1000
Aurora, CO 80014

Bassam Kawadry MC
c/o EM Strategies
PO Box 366
Hinsdale, IL 60522

David Taussig & Ass
5000 Birch St
Ste 6000
Newport Beach, CA 92660

ENT Surgical Consultants
2201 Glenwood Ave
Joliet, IL 60435

Green Tree
PO Box 6172
Rapid City, SD 57709

Grundy County Pain Center
c/o Falls Collection Service
PO Box 668
Germantown, WI 53022

Grundy County Pain Center
c/o Financial Control Solutions
PO Box 668
Germantown, WI 53022

Grundy Radiologists
c/o Creditors Discount & Aud
415 E Main St
Streator, IL 61364

Heart Care Centers of Il
PO Box 766
Bedford Park, IL 60499

James F Gianakakis, DDS
23909 W Renwick Rd
Ste 103
Plainfield, IL 60544

Joliet Radiological Service Corp
36910 Treasury Ctr
Chicago, IL 60694

Joliet Radiological Service Corp
c/o Illinois Collection Service
PO Box 1010
Tinley Park, IL 60477

Lakewood Trails
c/o AMG Management Group
1400 Essington Rd
Joliet, IL 60435

Medac Associated Anesthesiologists
c/o NEAR
PO Box 209
Thornwood, NY 10594

Medstar Laboratory
4531 W Harrison St
Hillside, IL 60162

Morris Hosp Emerg Phys
c/o Creditors Discount & Aud
415 E Main St
Streator, IL 61364

Morris Hospital
c/o MiraMed Revenue Group
Dept 77304, PO Box 77000
Detroit, MI 48277

Morris Hospital
c/o MiraMed Revenue Group
Dept 77304
Detroit, MI 48277

Morris Hospital
c/o MiraMed Revenue Group
PO Bx 77000
Detroit, MI 48277

Ocwen Loan Servicing
PO Box 24738
West Palm Beach, FL 33416

Pathology and Laboratory Consulta
520 E 22nd St
Lombard, IL 60148

Pathology and Laboratory Consulta
c/o Medical Recovery Specialists
2250 E Devon Ave, Ste 352
Des Plaines, IL 60018

Pediatric Faculty Foundation
c/o ICS
PO Box 1010
Tinley Park, IL 60477

Phys of Morris Hosp
c/o Creditors Discount & Aud
415 E Main St
Streator, IL 61364

Silver Cross Hospital
c/o Medical Recovery Specialists
2250 E. Devon Ave, Ste 352
Des Plaines, IL 60018

Prairie Emergency Services
c/o ARS Account Resolution
1801 NW 66th Ave, Ste 200C
Fort Lauderdale, FL 33313

Souma Diagnostics
PO Box 11690
Chicago, IL 60611

Provena St Joseph Medical Cen
c/o Creditors Collection Burea
PO Box 63
Kankakee, IL 60901

Surgery Center of Joliet
301 N. Madison
Joliet, IL 60435

Provena St Joseph Medical Center
PO Box 88097
Chicago, IL 60680

Village of Minooka
Attn: Lakewood Trails Unit 2
PO Box 516
Bedford Park, IL 60499

Provena St Joseph Medical Center
PO Box 77394
Detroit, MI 48277

Windy City Anesthesia
21120 Washington Parkway
Frankfort, IL 60423

Quest Diagnostics
PO Box 809403
Chicago, IL 60680

Quest Diagnostics, Inc.
c/o AMCA Collection Agency
PO Box 1235
Elmsford, NY 10523

Silver Cross Hospital
c/o NCO Financial Systems
605 W Edison Rd, Ste K
Mishawaka, IN 46545

Silver Cross Hospital
1200 Maple Rd.
Joliet, IL 60432

Silver Cross Hospital
c/o Medical Recovery Specialists
2250 E Devon Ave, Ste 352
Des Plaines, IL 60018